USCA1 Opinion

 

 April 9, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1855 UNITED STATES OF AMERICA, Appellee, v. JUAN C. GUZMAN-RIVERA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. H ctor M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ _____________________ Roxana C. Matienzo-Carri n for appellant. __________________________ Jos A. Quiles-Espinosa, Senior Litigation Counsel, with ________________________ whom Daniel F. L pez-Romo, United States Attorney, was on brief _____________________ for appellee. ____________________ April 9, 1993 ____________________ TORRUELLA, Circuit Judge. Appellant Juan C. Guzm n- ______________ Rivera and two co-defendants were charged with aiding and abetting each other in the assault and battery of a postal contractor and robbing him of mail,1 unlawful possession and retention of United States treasury checks,2 and use of a firearm in the commission of these crimes.3 The co-defendants never went to trial. One was declared incompetent, and the other accepted a plea bargain. Appellant now argues that the government offered unreliable evidence of appellant's identity, and that the evidence against him was therefore insufficient to support his convictions. Because we find that the district court properly admitted the disputed evidence, and that a rational jury could find appellant guilty beyond a reasonable doubt, we affirm the verdict. BACKGROUND BACKGROUND __________ Government witness Ramos-Cotto, a mail carrier, testified to the following. On August 2, 1991, two men approached him while he was distributing mail. One of the men, later identified as appellant, pointed a .38 caliber revolver at Ramos-Cotto's neck, and threatened to kill him if he moved. In a violent exchange, appellant took the keys to the mail vehicle and the mail that was in Ramos-Cotto's hand. Finally, appellant and the other man pulled Ramos-Cotto across the street, and appellant said "start running downhill or I'll kill you." While running, ____________________ 1 18 U.S.C. 2, 2114. 2 18 U.S.C. 2, 510(b). 3 18 U.S.C. 924(c)(1). Ramos-Cotto heard the car leave. After the incident, Ramos-Cotto saw and recognized appellant on two separate occasions while distributing mail on the same route. Approximately two weeks later, upon receiving confidential information that appellant might be in certain places, Ramos-Cotto and four postal investigators went to these locations to look for him. After passing by approximately five of the suggested locations, Ramos-Cotto identified appellant talking to three other people in a grocery store. The investigators arrested appellant and one other individual. The government also introduced evidence that when the police found the mail car, four hundred pieces of mail were missing, including a number of social security checks. In addition, after the robbery, the Dominican Republic's national police apprehended one of the co-defendants attempting to cash social security checks bearing a San Juan address. Appellant argues that we should reverse his conviction for two reasons: (1) the government's evidence regarding appellant's identity was unreliable, and thus, the district court should not have admitted it; and (2) there was insufficient evidence to sustain appellant's convictions. DISCUSSION DISCUSSION __________ Appellant's first argument is a due process argument. A district court deprives a defendant of due process by admitting evidence of an identification that has proven "'so impermissibly suggestive as to give rise to a very substantial likelihood of -3- irreparable misidentification.'" United States v. Bouthot, 878 _____________ _______ F.2d 1506, 1514 (1st Cir. 1989) (quoting Simmons v. United _______ ______ States, 390 U.S. 377, 384 (1968)). Under the first prong of this ______ test, appellant must show impermissible suggestion by law enforcement officials. See United States v. Gray, 958 F.2d 9, ___ ______________ ____ 13-14 (1st Cir. 1992); Bouthot, 878 F.2d at 1514. _______ Appellant asks us to infer that the identification was unduly suggestive for four reasons: (1) the search for appellant occurred one month after the robbery and after co-defendants' arrests; (2) the investigators arrested a second individual with appellant who was later released; (3) the investigation revealed no fingerprints belonging to appellant; and (4) Ramos-Cotto never described appellant at the time of the robbery. These are all good arguments that trial counsel made to the jury regarding Ramos-Cotto's credibility. Although the record offers no explanation for these circumstances, we cannot draw the sizable inference that appellant seeks. The record evidence shows that upon receiving confidential information regarding appellant's whereabouts, the postal investigators brought Ramos-Cotto to at least five different public locations to look for him. (Transcript of Jury Trial at 38-39). After visiting the fifth location, they passed a grocery store where Ramos-Cotto saw and identified appellant. Id. They then passed by a second time so that Ramos-Cotto could __ identify him again. Id. The record exhibits no evidence that __ the investigators controlled or manipulated the people that -4- Ramos-Cotto would encounter during this search. Nor does the record reveal that the investigators indicated to Ramos-Cotto in any way that they believed appellant was the perpetrator. Ramos- Cotto testified that he was at all times since the robbery able to identify appellant as his assailant. Id. at 39-40. Indeed, __ he testified that he identified appellant on two previous occasions without the investigators, and that he promptly called one of the investigators after the second sighting. Id. at 37- __ 40, 62. Based on these facts, we can find no undue suggestion by law-enforcement officials. Since we do not find the identification impermissibly suggestive, we need not reach the likelihood of misidentification prong of the test. See Gray, 958 F.2d at 14. Even if we were to ___ ____ reach that issue, however, it would not significantly bolster appellant's argument. Under the second prong, we consider: (1) the witness' opportunity to view the defendant during the crime; (2) the witness' degree of attention at the time of the crime; (3) the accuracy of the witness' prior description; (4) the witness' level of certainty when identifying the suspect at the confrontation; and (5) the length of time between the crime and the confrontation. United States v. Alexander, 868 F.2d 492, 495 _____________ _________ (1st Cir.), cert. denied, 493 U.S. 979 (1989). ____________ In the present case, three of the five factors support the reliability of the identification. Ramos-Cotto testified that he stood right next to appellant, almost face-to-face, during the robbery and thus had a significant opportunity to view -5- him. (Transcript of Jury Trial at 39-40). Additionally, he testified that he specifically focused on appellant during the incident while appellant pointed a gun at him, and that he knew at all relevant times that he could identify appellant, which he did twice before the final confrontation. While Ramos-Cotto gave no prior description of appellant and waited a month until the final confrontation, the totality of the circumstances does not mandate a finding of unreliability. As such, we are unwilling to usurp the determination from the jury. See United States v. ___ ______________ Turner, 892 F.2d 11, 14 (1st Cir. 1989) (identification evidence ______ should be withheld from jury only in extraordinary cases). Appellant's second argument challenges the sufficiency of the evidence against him. To overturn a jury's conviction based on insufficient evidence, we must find that no rational jury could conclude beyond a reasonable doubt that appellant committed the crimes charged. United States v. Maraj, 947 F.2d _____________ _____ 520, 522-23 (1st Cir. 1991). In doing so, we must review the record in the light most favorable to the government and resolve all credibility issues in favor of the verdict. United States v. _____________ Angiulo, 897 F.2d 1169, 1197 (1st Cir.), cert. denied, 498 U.S. _______ ____________ 845 (1990). Reading the record in this light, we find that sufficient evidence existed to convict appellant. The bulk of appellant's sufficiency argument concerns the reliability of the testimony identifying appellant as the perpetrator. As noted above, Ramos-Cotto testified that he had plenty of time to see -6- appellant at the time of the crime and twice thereafter. He also testified that he concentrated on appellant during the robbery because appellant had the gun. (Transcript of Jury Trial at 54). Ramos-Cotto looked for appellant in five public locations before finding him at the grocery store. Appellant had ample opportunity to cross-examine Ramos Cotto with respect to appellant's identity. In fact, the trial transcript reveals at least twenty pages of cross-examination on this very issue. A jury could rationally choose to rely on Ramos-Cotto's identification. We find no error in the ultimate verdict on this ground. Appellant's other sufficiency argument fails as well. Appellant argues that the government failed to show that the social security checks confiscated from appellant's co-defendant were the checks that appellant allegedly stole. Appellant's argument fails because Ramos-Cotto testified that the four disputed checks were among those taken during the robbery. Id. __ at 41-42. He further testified that he recognized them because they displayed his mail distribution route number and the date of the robbery, and he recognized the names of the addressees as individuals who receive mail on his route. Id. at 41. This __ evidence was sufficient to show that the confiscated social security checks were taken during the robbery at issue. Finally, after reviewing the remaining elements of the charges, we find that the evidence presented at trial sufficiently supported appellant's convictions. We affirm the -7- verdict. Affirmed. ________ -8-